UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **J.H., a minor, by his parents** | : | Case No. |
| **JOHN DOE and JANE DOE,** | : | |
| | : | Judge |
| Plaintiffs, | : | |
| | : | Magistrate Judge |
| v. | : | |
| | : | |
| **OLENTANGY LOCAL SCHOOL** | : | |
| **DISTRICT, et al.,** | : | |
| | : | |
| Defendants. | : | |

## MOTION TO PROCEED UNDER PSEUDONYM

Plaintiffs J.H., a minor, by his parents John Doe and Jane Doe, respectfully move this Court for leave to proceed under pseudonym. In support of this Motion, Plaintiffs state as follows:

### I.     LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that a complaint "must name all the parties." However, courts have recognized that this requirement may be relaxed in exceptional circumstances to protect a plaintiff's privacy interests.

In determining whether to permit a party to proceed anonymously, courts balance the need for anonymity against the general presumption of openness in judicial proceedings and any potential prejudice to the opposing party. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Courts consider several factors, including: (1) whether the plaintiff is a minor; (2) whether the case involves matters of a highly sensitive and personal nature; (3) whether identification poses a risk of retaliatory harm to the plaintiff; (4) whether identification presents other harms and the likely severity of those harms; and (5) whether the plaintiff is challenging governmental activity. *Id*. at 560.

## II. ARGUMENT

### A. J.H. Is a Minor

J.H. is fifteen years old. He is a sophomore at Olentangy Orange High School. Courts routinely permit minor plaintiffs to proceed under pseudonym to protect them from the stigma and other harms that may flow from public identification in litigation.

The need for anonymity is particularly acute in cases involving school-based harassment, where identification may expose the minor to additional harassment, bullying, or social ostracism from peers.

### B. The Case Involves Highly Sensitive Subject Matter

This case involves allegations that a coach publicly used the term "gay" as a slur against J.H., holding him up to ridicule based on his actual or perceived sexual orientation. Whether or not J.H. identifies as gay, these allegations place his sexual orientation squarely at issue in a public proceeding.

Courts have consistently recognized that matters involving sexual orientation are highly sensitive and personal, warranting protection from public disclosure, particularly when the plaintiff is a minor. Public identification would force J.H. to address questions about his sexual orientation in a public forum at an age when such matters are particularly personal and when many young people are still developing their understanding of their own identity.

Additionally, the case involves documented mental health issues, including depression, anxiety, and social withdrawal. Public identification would expose J.H.'s mental health history to public scrutiny, compounding the harm he has already suffered.

### C. Identification Poses a Risk of Retaliatory Harm

J.H. has already experienced documented retaliation for reporting misconduct. After his parents complained about Coach Ford's conduct, J.H. was called a "snitch" by peers, was

subjected to asymmetric discipline, was ostracized by his position coach, was suspended for five days, and was removed from the football program.

Following his removal from the team, J.H. received threatening messages via Snapchat from teammates or former teammates. He was removed from team group chats. A "no-contact" arrangement was implemented in his Biology class without parental notice.

Public identification in this lawsuit would likely intensify this retaliation. J.H. must continue to attend school in this district. Public identification would make him a target for additional harassment from students who may view the lawsuit negatively or who may side with the named defendants.

Public identification also poses heightened risk because J.H. has already been subjected to online harassment. A TikTok video circulated among students mocked his perceived sexual orientation and tied directly back to the coach's comments at issue in this case. The District did not intervene to remove or address the video. If J.H.'s name becomes publicly associated with this suit, he is at substantial risk of further online targeting, amplification of the TikTok content, and renewed peer retaliation.

### D. Identification Presents Other Significant Harms

J.H. is already suffering documented psychological harm. A licensed mental health professional has documented that J.H. is experiencing depressive symptoms, social withdrawal, and anxiety about attending school. J.H. has expressed intent to leave the school and football entirely.

Public identification would exacerbate these harms. It would make J.H.'s situation the subject of public discussion in his school community, likely intensifying his social isolation and anxiety. It would create a permanent public record associating J.H.'s name with allegations of sex-based harassment and mental health struggles.

J.H. is a high school student with college and career aspirations. A permanent, searchable public record of this litigation could follow him for years, potentially affecting college admissions, employment opportunities, and personal relationships.

### E. Pseudonyms for J.H.'s Parents Are Necessary to Protect J.H.

J.H.'s parents bring this action on his behalf, not as plaintiffs with independent claims. Disclosing the parents' names would immediately identify J.H., defeating the purpose of permitting him to proceed under pseudonym.

Courts routinely permit parents bringing claims on behalf of minor children to proceed under pseudonym where the minor's identity must be protected. To do otherwise would render the minor's pseudonym meaningless.

### F. Defendants Will Suffer No Prejudice

Defendants will suffer no prejudice from Plaintiffs proceeding under pseudonym. Defendants know exactly who J.H. and his parents are. The events giving rise to this lawsuit were extensively documented in communications with Defendants. Defendants will have full access to all information necessary to defend this action.

The use of pseudonyms affects only the public record, not the parties' ability to litigate this case on the merits.

### G. The Public Interest Supports Anonymity

Although this case challenges governmental activity, the public interest is adequately served by adjudication of the claims on the merits. The public will have access to the Court's rulings, the legal standards applied, and the facts as found. The public interest does not require exposure of a minor's identity to adjudicate claims of school-based harassment.

Indeed, forcing minors to proceed under their real names in harassment cases may deter victims from seeking judicial relief, undermining the public interest in enforcement of civil rights laws.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Proceed Under Pseudonym and permit Plaintiffs to proceed as "J.H.," "John Doe," and "Jane Doe" throughout this litigation.

    Respectfully submitted,

    */s/ Sean L. Walton*
    Sean L. Walton (0088401)
    WALTON + BROWN, LLP
    395 East Broad Street, Suite 200
    Columbus, Ohio 43215
    Phone: (614) 636-3476
    Fax: (614) 423-3922
    swalton@waltonbrownlaw.com

    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, a copy of the foregoing Motion to Proceed Under Pseudonym was filed electronically with the Clerk of Court using the CM/ECF system.

*/s/ Sean L. Walton*
Sean L. Walton (0088401)
